**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 06-cv-00225-LTB

LORILLARD TOBACCO COMPANY, a Delaware Corporation,

      Plaintiff,

v.

ISAAC G. ENGIDA d/b/a I AND G LIQUORS,

      Defendant.

_____

**MEMORANDUM OPINION AND ORDER**
_____

Babcock, J.

      This trademark infringement case is before me on Defendant's Response to Plaintiff's Notice of Dismissal Without Prejudice [**Docket # 66**], Plaintiff's Reply in Support of Notice of Dismissal Without Prejudice [**Docket # 68**], and Plaintiff's Surreply [**Docket # 71**]. Defendant seeks dismissal of this case with prejudice and an award to Defendant of attorney fees and costs in the amount of $268,230.76. Oral argument would not materially assist in the determination of these motions. After consideration of the papers and the case file, I GRANT in part and DENY in part Defendant's motion [**Docket # 66**].

## I. BACKGROUND

      Plaintiff is the manufacturer of Newport brand cigarettes. Plaintiff has registered trademarks bearing the Newport name and logo with the United States Patent and Trademark Office. On January 31, 2006, Plaintiff purchased two packs of Newport cigarettes from

Defendant's liquor store that were determined by Plaintiff to be counterfeit. On February 9, 2006, Plaintiff filed a number of pleadings with this Court—under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Colorado state law—including a complaint for damages and injunctive relief, and a motion for an *ex parte* seizure order, temporary retraining order, and preliminary injunction. On February 10, 2006, this Court entered an *ex parte* seizure order and temporary restraining order as well as an order to show cause why a preliminary injunction should not issue.

Pursuant to the seizure order, two United States Marshals conducted a search of Defendant's liquor store on February 14, 2006. No genuine or counterfeit Lorillard products were found during this search. On February 24, 2006, this Court conducted a hearing in which Defendant was to show cause why a preliminary injunction should not be issued and remain in effect during the pendency of the litigation. At this hearing, I reviewed the evidence obtained pursuant to the February 14, 2006, search and held that Plaintiff had failed to meet its burden of showing it would suffer irreparable harm if an injunction did not issue. At the conclusion of the February 24, 2006, hearing, I unsealed the entire action, dissolved the temporary restraining order, declined to issue a preliminary injunction, and ordered Plaintiff to show cause why this case should not be dismissed as frivolous. Plaintiff appealed that portion of the February 24, 2006, order denying Plaintiff's request for a preliminary injunction to the Tenth Circuit. I issued an order staying discovery in this case on July 13, 2006, and an additional stay order on April 18, 2007 [**Docket ## 42, 61**].

On January 8, 2007, the Tenth Circuit ruled this Court did not abuse its discretion in holding Plaintiff had not shown it would suffer irreparable harm in the absence of an injunction. *Lorillard Tobacco Co. v. Engida*, No. 06-1115, 2007 WL 39207 (10th Cir. Jan. 8, 2008). The

Tenth Circuit held: "'In defining the contours of irreparable harm, case law indicates that the injury must be both certain and great, and that it must not be merely serious or substantial.' The record does not necessarily establish that Lorillard would suffer certain and great harm in the absence of an injunction." *Id*. at *3 (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004)). Plaintiff appealed to the United States Supreme Court and was denied certiorari on June 25, 2007.

## II. ANALYSIS

Plaintiff filed a Notice of Dismissal Without Prejudice on November 1, 2007 [**Docket # 64**]. Defendant responded with the present motion—incorporated into his "response" to the Notice of Dismissal Without Prejudice—requesting I dismiss this case with prejudice and award Defendant attorney fees and costs incurred in defending this action [**Docket # 66**].

### 1. Motion to dismiss with prejudice

The filing of a notice of dismissal under FED. R. CIV. P. 41(a)(1)(A)(i) does not require an order of the court. *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). The filing of the notice automatically closes the file and leaves the parties as if no action had been brought. *Id*. The district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them. *Id*. Although a stay was in place when Plaintiff filed its notice here, this Court still has no power or discretion to deny Plaintiff the right to dismiss. *Id*.; *see also Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142 (7th Cir. 1978) (holding that granting a motion to stay proceedings has no effect on the ability of a plaintiff to voluntarily dismiss under Rule 41).

Defendant argues I should condition Plaintiff's dismissal of right by requiring dismissal be

with prejudice. Defendant directs me to no relevant authority—nor can I find any—supporting my ability to do so. Although Defendant argues *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), provides the necessary support, I am unpersuaded. First, *Harvey Aluminum* concerned whether a notice of dismissal could be vacated entirely. Defendant—by requesting I modify a dismissal which it undoubtedly desires—seeks a dissimilar remedy. Second, the rule of *Harvey Aluminum* proffered by Defendant has never been adopted by any court in this Circuit. Finally, the expansive Rule 41 interpretation suggested by *Harvey Aluminum* has been widely criticized and rejected by numerous circuit courts, including the Second Circuit that originally authored the opinion. *See, e.g., American Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1111 (9th Cir. 1999); *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993); *Johnson Chemical Co., Inc. v. Home Care Prods., Inc.*, 823 F.2d 28, 31 (2d Cir. 1987), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–95 (1990); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987); *Foss v. Fed. Intermediate Credit Bank of St. Paul*, 808 F.2d 657, 659–60 (8th Cir. 1986); *Merit Ins. Co.*, *supra*, 581 F.2d at 140–42.

Moreover, Defendant's request is in contradiction to the clear and unambiguous language of Rule 41 itself: "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." When interpreting the Federal Rules of Civil Procedure, I give the Rules their plain meaning. *Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 123 (1989). As with a statute, my inquiry is complete if I find the text of the Rule to be clear and unambiguous. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540–41 (1991). While it is "tempting to force the plaintiff to take its medicine in a case like this, where the plaintiff's

behavior has been so dissembling," my task "is to apply the text, not to improve upon it."  *Marex Titanic*, *supra*, 2 F.3d at 547 (citing *Bus. Guides, Inc.*, 498 U.S. at 549).  I therefore lack authority to grant Defendant's motion to dismiss this case with prejudice.

2.  Motion for attorney fees and costs under the Lanham Act

"It is well established that a federal court may consider collateral issues after an action is no longer pending."  *Cooter & Gell, supra*, 496 U.S. at 395.  Accordingly, a voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) does not deprive a District Court of its authority to award costs and attorney fees.  *See, e.g., Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (citing *Cooter & Gell*, 496 U.S. at 390, 395 (affirming the circuit court's holding that attorney fees "must be available in appropriate circumstances notwithstanding a private party's effort to cut its losses and run out of court, using Rule 41 as an emergency exit")).

In assessing Defendant's motion for attorney fees, I am governed by the relevant provision of the Lanham Act, 15 U.S.C. § 1117(a).  *See Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000).  Section 1117(a) provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

*a. This is an exceptional case*

While the statute itself does not define "exceptional cases," the legislative history suggests at least three considerations: (1) whether the suit was "unfounded," (2) whether the suit was brought by the trademark owner "for harassment and the like," and (3) whether the award of attorney fees is otherwise "justified by equitable considerations."  *Nat'l Ass'n of Prof'l Baseball Leagues, Inc.*, *supra*, 223 F.3d at 1146–47.  "No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2)

the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well. The Lanham Act largely vests in the district court the discretion to determine when a losing plaintiff's claims or conduct in the litigation are so 'exceptional' as to warrant the assessment of attorney fees." *Id*. at 1147.

A review of Plaintiff's conduct in prosecuting this matter shows by clear and convincing evidence this case is exceptional. Pursuant to my February 10, 2006, order, two United States Marshals conducted a search of Defendant's liquor store on February 14, 2006. No genuine or counterfeit Lorillard products were found during this search. Upon noting that Plaintiff "went fishing and came back empty handed," I refused to issue a preliminary injunction. Rather than try to resolve the actual claims for relief at this point, however, Plaintiff engaged in protracted, expensive, and unnecessary litigation of its request for a preliminary injunction—at best a collateral issue. Despite the fact that Plaintiff—after employing the full resources of the United States government—had in its possession only two packs of allegedly counterfeit cigarettes, Plaintiff appealed my denial to the Tenth Circuit, and upon losing in that forum twice—both on the initial appeal and on a motion to reconsider—to the United States Supreme Court. While Plaintiff argues it was necessary to pursue this case in order to unearth the source of the allegedly counterfeit cigarettes, this justification waxes illusory in light of Defendant's offer—before the initial appeal was filed with the Tenth Circuit—to make himself available for deposition and to cooperate with any investigation. Plaintiff also chose to pursue its multiple appeals rather than stipulate—as Defendant requested—to a formal Rule 65 evidentiary hearing on its original motion for a preliminary injunction.

The fact that Plaintiff may have had a meritorious counterfeiting claim is irrelevant to this motion as Defendant seeks only to be awarded the attorney fees incurred in defending the numerous appeals related to the preliminary injunction. Plaintiff was well aware that Defendant was an Ethiopian immigrant who lacked the resources to defend himself in such protracted and lengthy litigation. In light of Plaintiff's conduct in pursuing the preliminary injunction matter through the Supreme Court despite Defendant's best efforts to settle the case, and in light of the fact that—at most—this case implicated two packs of allegedly counterfeit cigarettes, I find Plaintiff's conduct in this matter to be vexatious, oppressive, lacking foundation, and intended to harass and intimidate Defendant. Accordingly, equitable considerations justify the award of attorney fees to Defendant in this exceptional case.

*b. Defendant is a prevailing party*

Even in exceptional cases, the Lanham Act allows an award of attorney fees only to a "prevailing party." While the statute does not define "prevailing party," case law addressing the issue clarifies that a party need not obtain a judgment on the merits in order to be considered a prevailing party entitled to attorney fees. *See JTH Tax, Inc. v. H&R Block E. Tax Servs., Inc.*, 245 F. Supp. 2d 756, 759–60 (E.D. Va. 2002); *see also Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 525 (D.C. Cir. 1985); *Corcoran v. Columbia Broad. Sys., Inc.*, 121 F.2d 575, 576 (9th Cir. 1941). Where a party succeeds on any significant issue in a litigation, that party is considered a "prevailing party" for attorney fee purposes under the Lanham Act. *See JTH Tax, Inc.*, 245 F. Supp. 2d at 759–60; *see also Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979) ("It is settled that in order to be a prevailing party one need not win on every issue in the case. A party prevails if judgment is entered in his favor even though he did not sustain his entire claim.").

Plaintiff's arguments to the contrary are unavailing. Initially, I note that Plaintiff directs me to no authority addressing the precise issue on point: whether a party that successfully defends a preliminary injunction action is a "prevailing party" despite the underlying action being voluntarily dismissed under Rule 41. Although the merits of the underlying suit were never determined, Defendant was fully successful in defending against a preliminary injunction in this Court, the Tenth Circuit, and the Supreme Court. While Plaintiff properly states that "because the Rule 41(a)(1)(i) dismissal is without prejudice it is not the practical equivalent of a victory for defendant on the merits," *see RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007), Plaintiff fails to note that the Rule 41 dismissal does not give rise to the motion for attorney fees here. As Defendant's papers make clear, the motion for attorney fees seeks an award for those fees incurred defending the unnecessary, vexatious, and oppressive preliminary injunction appeals in this case.

Under Supreme Court and Tenth Circuit precedent, "a 'prevailing party' is one who has been awarded some relief by the court." *Hardman v. AutoZone, Inc.*, 214 F. App'x 758, 766 (10th Cir. 2007). Where—as here—a defendant successfully defends a vexatious preliminary injunction appeal, it cannot be gainsaid that he has been awarded some relief by the court. *See Sotomura v. Hawaii County*, 679 F.2d 152, 153 (9th Cir. 1982) (holding a party that successfully defends a district court ruling on appeal is a "prevailing party"); *Hastings v. Maine-Endwell Cent. Sch. Dist., N.Y.*, 676 F.2d 893, 896–97 (2d Cir. 1982) (a party who succeeds in having the judgment of the district court affirmed on appeal is a "prevailing party" to the same degree as a party who succeeds in reversing the district court). The judicial nature of the relief granted is particularly apparent in light of the fact that Plaintiff is now estopped from pursuing an injunction

again should it refile this case after its voluntary dismissal. *See AM Gen. Corp. v. DaimlerChrysler Corp.*, 246 F. Supp. 2d 1030, 1034 (N.D. Ind. 2003) (discussing cases holding that findings made during a preliminary injunction hearing can have preclusive effect despite the underlying case being subsequently mooted); *Williams v. Alioto*, 625 F.2d 845, 847–48 (9th Cir. 1980) (holding a party who successfully obtains a preliminary injunction is a prevailing party despite the injunction becoming mooted by later proceedings).

Defendant has been put to the considerable expense of successfully defending numerous vexatious and oppressive appeals and is a prevailing party within the spirit and intent of the Lanham Act despite Plaintiff's choice to "cut its losses and run out of court, using Rule 41 as an emergency exit." *Cooter & Gell*, *supra*, 496 U.S. at 390, 395; *Noxell Corp.*, *supra*, 771 F.2d at 525; *Corcoran*, *supra*, 121 F.2d at 576 ("Where, as here, a defendant has been put to the expense of making an appearance and of obtaining an order for the clarification of the complaint, and the plaintiff then voluntarily dismisses without amending his pleading, the party sued is the prevailing party within the spirit and intent of the statute."). Accordingly, Defendant enjoys a "judicially sanctioned change in the legal relationship of the parties" sufficient to sustain an award of attorney fees. *See Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001).

### 3. Attorney fees under Colo. Rev. Stat. § 13-17-102

Having determined that an award of attorney fees is appropriate in this case under the Lanham Act, it is unnecessary to address Defendant's request under COLO. REV. STAT. § 13-17-102(2): "in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees

against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." However, even if attorney fees were not appropriate under the Lanham Act, Defendant would still be entitled to attorney fees under Colorado law.

Section 13-17-102 applies to claims brought in the District of Colorado. *See Harrison v. Luse*, 760 F. Supp. 1394, 1400 (D. Colo. 1991). Generally, an award of attorney fees under Section 13-17-102 is mandatory upon finding any part of an action was brought without substantial justification—meaning such action or part thereof was substantially frivolous, groundless, or vexatious—or was interposed for delay, harassment, or for the purposes of unnecessarily expanding the litigation. *Id*. If a voluntary dismissal is filed within a reasonable time after the attorney filing the dismissal knew, or reasonably should have known, that he would not prevail on the subject action, however, no attorney fees may be assessed. COLO. REV. STAT. § 13-17-102(5).

As previously held, Plaintiff's actions in repeatedly appealing my denial of its request for preliminary injunction were unnecessary and vexatious. Plaintiff should have been aware it would not prevail on the underlying action when notified by the Tenth Circuit on January 25, 2007, that it would not reconsider Plaintiff's appeal. The notice of dismissal was not filed for an additional nine months, during which time Plaintiff filed another unnecessary and vexatious appeal to the United States Supreme Court. Even if I were to consider June 25, 2007—the date when the Supreme Court denied certiorari—to be the date Plaintiff should have known it would not prevail, the notice of dismissal still was not filed for an additional four months. Such delay can hardly be considered reasonable. Accordingly, Defendant is entitled to attorney fees under COLO. REV.

STAT. § 13-17-102.

### 4. Attorney fees incurred on appeal

Plaintiff argues I may not assess attorney fees Defendant incurred in defending Plaintiff's appeals. This argument lies in Tenth Circuit precedent holding that a district court may not award attorney fees under 28 U.S.C. § 1927 for conduct during an appeal. *See Morris by Rector v. Peterson*, 871 F.2d 948, 951–52 (10th Cir. 1989). *Morris by Rector* and its progeny, however, do not implicate the "prevailing party" analysis of the Lanham Act. Numerous courts considering the "prevailing party" analysis hold that a district court has jurisdiction to award a prevailing party the attorney fees incurred in his successful appellate efforts. *See, e.g., O'Bryan v. Saginaw County, Mich.*, 722 F.2d 313, 314–15 (6th Cir. 1983); *Hastings v. Maine-Endwell Cent. Sch. Dist., N.Y.*, 676 F.2d 893, 897 (2d Cir. 1982); *Bond v. Stanton*, 630 F.2d 1231, 1234 (7th Cir. 1980); *Kingsville Indep. Sch. Dist. v. Cooper*, 611 F.2d 1109, 1114 (5th Cir. 1980). I agree with these courts and Defendant that it would be nonsensical for this Court—having determined him to be the prevailing party—to deny Defendant the opportunity to recover the fees he accrued in becoming the prevailing party (*i.e.*, successfully defending against Plaintiff's vexatious and unnecessary appeals).

### 5. Lodestar enhancement

Defendant requests an enhanced fee award of 1.5 times the base lodestar determined by multiplying the number of hours worked times a reasonable hourly rate. As Plaintiff properly notes, the base lodestar is presumptively reasonable and should be modified only in rare and exceptional cases supported by both specific evidence and detailed findings on the record. *See Pierce v. Underwood*, 487 U.S. 552, 582 (1988); *Pennsylvania v. Del. Valley Citizens' Council*

*for Clean Air*, 478 U.S. 546, 565 (1986). Defendant does not adequately set forth specific evidence supporting an increased lodestar amount.

### III. CONCLUSION

Accordingly, IT IS ORDERED as follows:

1. Defendant's request [**Docket # 66**] that I modify Plaintiff's Notice of Dismissal Without Prejudice [**Docket # 64**] to provide that the dismissal be with prejudice is DENIED;

2. Defendant's motion for attorney fees and costs [**Docket # 66**] is GRANTED. Defendant is awarded his attorney fees and costs incurred defending my February 24, 2006, Order on appeal to the Tenth Circuit and the Supreme Court. The Court will enter a separate final judgment concerning these fees and costs after Defendant submits the materials described in FED. R. CIV. P. 54 and Local Rule 54.3. Plaintiff may submit opposing affidavits and papers within thirty days after Defendant's affidavits and papers are served on Plaintiff;

3. Defendant's request for a lodestar enhancement [**Docket # 66**] is DENIED.

Dated: January  11 , 2008.

                                                                 BY THE COURT:

                                                                   s/Lewis T. Babcock
                                                                 LEWIS T. BABCOCK, JUDGE