IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 06-cv-00225-LTB

LORILLARD TOBACCO COMPANY, a Delaware Corporation,

       Plaintiff,

v.

ISAAC G. ENGIDA d/b/a I AND G LIQUORS,

       Defendant.

_____

**ORDER**
_____

      This trademark infringement case is before me on Defendant's Petition for Final Judgment Awarding Attorney Fees and Costs [**Docket # 77**], Plaintiff's Response [**Docket # 85**], and Defendant's Reply [**Docket # 90**]. A status conference in this matter was held on July 25, 2008. At that conference, I noted three issues of law needed to be addressed before undertaking a review of Defendant's petition. I address these issues here and invite the parties to agree to an appropriate award in light of this Order. If no agreement can be reached, Defendant must submit an amended request quantifying the fees and costs sought consistent with the conclusions of law below.

### I. BACKGROUND

      Plaintiff is the manufacturer of Newport brand cigarettes. Plaintiff has registered trademarks bearing the Newport name and logo with the United States Patent and Trademark Office. On January 31, 2006, Plaintiff purchased two packs of allegedly counterfeit Newport cigarettes from Defendant's liquor store. On February 9, 2006, Plaintiff filed a number of

pleadings with this Court—under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and Colorado state law—including a complaint for damages and injunctive relief, and a motion for an *ex parte* seizure order, temporary retraining order, and preliminary injunction.  On February 10, 2006, I entered an *ex parte* seizure order and temporary restraining order as well as an order to show cause why a preliminary injunction should not issue.

Pursuant to the seizure order, two United States Marshals conducted a search of Defendant's liquor store on February 14, 2006.  No genuine or counterfeit Lorillard products were found during this search.  On February 24, 2006, I conducted a hearing in which Defendant was to show cause why a preliminary injunction should not be issued and remain in effect during the pendency of the litigation.  At this hearing, I held that Plaintiff had failed to meet its burden of showing it would suffer irreparable harm if an injunction did not issue.  At the conclusion of the February 24, 2006, hearing, I unsealed the entire action, dissolved the temporary restraining order, declined to issue a preliminary injunction, and ordered Plaintiff to show cause why this case should not be dismissed as frivolous.  Plaintiff appealed that portion of the February 24, 2006, order denying Plaintiff's request for a preliminary injunction to the Tenth Circuit.  I issued an order staying discovery in this case on July 13, 2006, and an additional stay order on April 18, 2007 [**Docket ## 42, 61**].

On January 8, 2007, the Tenth Circuit ruled this Court did not abuse its discretion in holding Plaintiff had not shown it would suffer irreparable harm in the absence of an injunction. *Lorillard Tobacco Co. v. Engida*, No. 06-1115, 2007 WL 39207 (10th Cir. Jan. 8, 2007).  The Tenth Circuit held: "'In defining the contours of irreparable harm, case law indicates that the injury must be both certain and great, and that it must not be merely serious or substantial.'  The

record does not necessarily establish that Lorillard would suffer certain and great harm in the absence of an injunction." *Id*. at *3 (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1262 (10th Cir. 2004)). Plaintiff appealed to the United States Supreme Court and was denied certiorari on June 25, 2007.

Plaintiff filed a Notice of Dismissal Without Prejudice on November 1, 2007 [**Docket # 64**]. Defendant responded with a request that I dismiss the case with prejudice and award Defendant attorney fees—including a lodestar enhancement—and costs incurred in defending this action [**Docket # 66**]. On January 11, 2008, I denied Defendant's request to dismiss the case with prejudice, granted in part Defendant's request for attorney fees and costs at an amount to be determined through subsequent orders, and denied Defendant's request for a lodestar enhancement [**Docket # 73**].

## II. ANALYSIS

Defendant now submits a detailed petition for costs and attorney fees [**Docket # 77**]. Defendant seeks judgment in the amount of: 1) $17,531.25 on Peters Law Firm, L.L.C.'s application for attorney fees; 2) $36.79 in costs incurred by Peters Law Firm, L.L.C.; 3) $322,163.25 on Lindquist & Vennum P.L.L.P.'s application for attorney fees; 4) $3,517.47 in costs incurred by Lindquist & Vennum P.L.L.P., and 5) $7,720.50 for expert witness fees incurred by Lindquist & Vennum P.L.L.P. The attorney fee calculations include a lodestar enhancement of 1.5.

Plaintiff responds [**Docket # 85**] that Defendant's request for fees and costs is excessive because: (1) the request improperly includes fees not incurred defending the February 24, 2006, Order in this case on appeal to the Tenth Circuit and Supreme Court; (2) Defendant's request for

a lodestar enhancement was previously denied by my Order on January 11, 2008 [**Docket # 73**] and Defendant should not be given a second bite at the apple; (3) even if I were to consider Defendant's renewed request for a lodestar enhancement, it is not appropriate under the circumstances of this case; (4) Defendant has not adequately supported his request for costs; and (5) the fees requested are excessive and unreasonable.

Defendant replies [**Docket # 90**] that my January 11, 2008, Order denied Defendant's request for a lodestar enhancement only because the record contained inadequate specificity. Thus, Defendant argues, he should be allowed to file a supplemental petition for an enhancement. Defendant also questions Plaintiff's calculations regarding the excessiveness and unreasonableness of the fees charged. Defendant—seemingly admitting that the requested fees facially exceed the specific award of "attorney fees and costs incurred defending my February 24, 2006, Order on appeal to the Tenth Circuit and the Supreme Court"—claims Plaintiff's aggressive litigation tactics required defense counsel to "investigate and prepare affirmative defenses and counterclaims on the merits. This was reasonable . . . to be prepared for Lorillard's every next move."

At the July 25, 2008, status conference in this matter, I noted that "an evidentiary hearing is generally preferred, if not required, when factual disputes exist in connection with a request for attorney fees and costs and those disputes cannot be resolved without a hearing." *Michael A. Craimer, MAI, SRPA, Inc. v. United States*, 47 F.3d 379, 383 (10th Cir. 1995). I also noted, however, that review of the parties' papers indicated this dispute was not ripe for an evidentiary hearing because there were three issues of law that needed to be resolved first. As stated at the July 25, 2008, status conference, these issues are: (1) whether Defendant is entitled to a lodestar

enhancement; (2) which actions taken by defense counsel fall under the scope of the fee award; and (3) whether defense counsel is entitled to collect fees incurred pursuing and collecting his fee award.

A. Lodestar Enhancement

Defendant requests an enhanced fee award of 1.5 times the base lodestar determined by multiplying the number of hours worked times a reasonable hourly rate. As I held in my January 11, 2008, Order [**Docket # 73**], the base lodestar is presumptively reasonable and should be modified only in rare and exceptional cases supported by both specific evidence and detailed findings on the record. *See Pierce v. Underwood*, 487 U.S. 552, 582 (1988); *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

I denied Defendant's request for a lodestar enhancement at that time because Defendant had not adequately set forth specific evidence supporting an increased lodestar amount. Even if I were to allow Defendant to take a second bite at the lodestar apple here, the circumstances of this case—as briefed by Defendant—do not support a lodestar enhancement. Defendant does not identify any specific evidence showing this case to be the type to which undesirable stigma attaches. *See Ramos v. Lamm*, 713 F.2d 546, 557–58 (10th Cir. 1983). Neither does Defendant identify any specific evidence showing "that without risk enhancement [he] would have faced substantial difficulties in finding counsel in the local or other relevant market." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731 (1987). Moreover, at the Court's request, this case was taken on *pro bono*, and is therefore distinguishable from a case taken on contingency. *See id.* at 720–22, 730–31; *Walker v. Robbins Hose Fire Co. No. 1, Inc.*, 622 F.2d 692, 694 (3d Cir. 1980) (holding it was not error for the District Court to deny a request for

lodestar enhancement when "the attorneys laudably accepted the case because they believed an injustice was being perpetrated," not because the attorneys anticipated a contingency fee); *In re Holocaust Victim Assets Litig.*, 270 F. Supp. 2d 313, 321 (E.D.N.Y. 2002) (holding "the existence of competent *pro bono* counsel make a risk multiplier inappropriate in this case because market inducement was not required to attract dedicated attorneys"); *Lebron v. Wash. Metro. Area Transit Auth.*, 665 F. Supp. 923, 933 (D.D.C. 1987) (holding a lodestar enhancement to be inappropriate when attorneys took the case *pro bono*).

As to the remaining lodestar-enhancement factors suggested by Defendant—novelty, difficulty, and result achieved—these are "presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). Accordingly, I again deny Defendant's request for a lodestar enhancement.

### B. Scope of the Fee Award

In my January 11, 2008, Order awarding Defendant attorney fees, I held: "Defendant is awarded his attorney fees and costs incurred defending my February 24, 2006, Order on appeal to the Tenth Circuit and the Supreme Court." Defendant's present attorney fees request, however, seeks reimbursement that goes beyond this limited award.

My award of attorney fees and costs incurred "defending" the "February 24, 2006, Order on appeal" does not encompass fees and costs incurred in defending the counterfeiting claims themselves. I held as much in my January 11, 2008, Order when I noted that "Plaintiff may have had a meritorious counterfeiting claim" but found the merits of the counterfeiting claim to not be at issue for purposes of the attorney fees award because "Defendant seeks only to be awarded the

attorney fees incurred in defending the numerous appeals related to the preliminary injunction."

The award likewise does not include fees and costs incurred pursuing matters collateral to defense of the February 24, 2006, Order.  Accordingly, those fees and costs incurred pursuing dismissal with prejudice, those fees and costs incurred defending against Plaintiff's Motion for Entry of Default [**Docket # 39**], those fees and costs incurred  "investigat[ing] and prepar[ing] affirmative defenses and counterclaims on the merits . . . to be prepared for Lorillard's every next move," and any other fees and costs incurred in matters other than specifically defending the February 24, 2006, Order in the Tenth Circuit and Supreme Court—with the exception of those fees and costs incurred preparing and litigating the fee application up through and including January 11, 2008, *see infra*—are outside the scope of the fee award.

## C.  Fees Incurred Pursuing and Collecting the Fee Award

Defendant's petition seeks an award of attorney fees and costs incurred pursuing the attorney fee award in this case.  "[T]he general rule is that at least some compensation is generally allowable for work reasonably expended on the fee application. . . .  There is a difference, however, between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award.  The latter are especially suspect, and may be disallowed in their entirety."  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986).

Although the proper scope of the January 11, 2008, fee award should have been apparent from the plain language of the Order, Defendant's present application requests compensation for fees and costs that were never meant to be included.  It would be unfair to Plaintiff to require it to compensate Defendant for "time spent quarreling with [him] . . . over the amount of the bill," particularly because the present dispute appears to be of Defendant's own making.  *Mares,*

*supra*, 801 F.2d at 1206 n.18. Accordingly, I exercise my discretion and deny Defendant any fees and costs sought for the time period beginning January 11, 2008, and concluding on the date of this Order.

As noted above, I invite the parties to agree to an appropriate award in light of this Order—reserving, of course, Plaintiff's right to appeal my January 11, 2008, Order awarding fees and costs in the first instance. Should such agreement prove impossible—and should such impossibility be attributable to obstreperous conduct on behalf of Plaintiff—I will allow Defendant to request those additional costs and fees attributable to his pursuit of the attorney fee award in the time period following the date of this Order.

### III. CONCLUSION

Accordingly, IT IS ORDERED as follows:

1. Defendant's request for a lodestar enhancement [**Docket # 77**] is DENIED;

2. Defendant's Petition for Final Judgment Awarding Attorney Fees and Costs [**Docket # 77**] is HELD IN ABEYANCE pending submission of a stipulated fee and cost amount or an amended request consistent with the conclusions of law in this Order;

3. If the parties are unable to agree to an appropriate award in light of this Order, Defendant must submit an amended request quantifying the fees and costs sought within twenty days of the date of this Order.

Dated: July __30__, 2008.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge